**UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| DATA SCAPE LIMITED, | |
| Plaintiff, | |
| v. | C.A. No. 6:19-cv-00129 |
| DELL TECHNOLOGIES INC., DELL INC., and EMC CORPORATION, | |
| Defendants. | |

**DEFENDANTS DELL TECHNOLOGIES INC., DELL INC., AND EMC
CORPORATION'S ANSWER, DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF DATA SCAPE LIMITED'S COMPLAINT**

Defendants Dell Technologies Inc. ("Dell Technologies"), Dell Inc., and EMC Corporation ("EMC") (collectively, "Dell" or "Defendants") file their Answer, Defenses, and Counterclaims ("Answer") to Plaintiff Data Scape Limited's ("Data Scape" or "Plaintiff") Complaint for Patent Infringement ("Complaint"). Dell denies the allegations and characterizations in Data Scape's Complaint unless expressly admitted in the following paragraphs.

## PARTIES

1.     Dell lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies the same.

2.     Admitted.

3.     Admitted.

4.      Dell admits that EMC is a Massachusetts corporation, that EMC is wholly owned by Dell Technologies, and that EMC may be served through its registered agent Corporation Service Company, at 211 E. 7th St., Austin, TX.  Dell admits that EMC has places of business at One Dell Way, Round Rock, Texas 78682, and 176 South Street, Hopkinton, Massachusetts 01748.  Dell denies the remaining allegations and characterizations of paragraph 4.

**JURISDICTION AND VENUE**

5.      Paragraph 5 contains conclusions of law to which no response is required.

6.      Paragraph 6 contains conclusions of law to which no response is required.  Dell denies that the Defendants have committed acts of infringement giving rise to this action.

7.      Paragraph 7 contains conclusions of law to which no response is required.  Dell admits that the Defendants have established places of business in the Austin Division of the Western District of Texas.  Dell further admits that the Defendants are registered to do business in Texas and that the Defendants have transacted business in the Western District of Texas.  Dell denies that the Defendants have established places of business in the Waco Division of the Western District of Texas, denies the remaining allegations of paragraph 7, and maintains that there is no basis for proceeding in the Waco Division of the Western District of Texas.

**COUNT I**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,386,581**

8.      Dell admits that a copy of U.S. Patent No. 8,386,581 ("the '581 patent") is attached to the Complaint as Exhibit A, that the '581 patent on its face bears the title "Communication System And Its Method and Communication Apparatus And Its Method," and that the '581 patent appears to have issued on February 26, 2013.  Dell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 and therefore denies the same.

2

9.      Dell denies the allegations and characterizations of paragraph 9.

10.     Dell denies the allegations and characterizations of paragraph 10.

11.     Dell denies the allegations and characterizations of paragraph 11.

12.     Dell admits that the cited Administration Guide contains the cited quotations.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 12.

13.     Dell admits that the cited Administration Guide contains the cited quotations.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 13.

14.     Dell admits that the cited Whitepaper contains the cited quotations.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 14.

15.     Dell admits that the cited Administration Guide and Whitepaper contain the cited quotations and images.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 15.

16.     Dell admits that the cited Administration Guide, Whitepaper, and website contain the cited quotations and images.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 16.

17.     Dell admits that the cited Administration Guide, Whitepaper, and website contain the cited quotations and images.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 17.

18.     Dell admits that the cited Administration Guide and Whitepaper contain the cited quotations and images.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 18.

19.     Dell admits that it learned of the '581 patent shortly after this lawsuit was filed. Dell denies the remaining allegations of paragraph 19.

ActiveUS 171983454v.8

20.     Dell denies the allegations and characterizations of paragraph 20.

21.     Dell admits that it explains to customers the benefits of using the accused Data Domain and RecoverPoint products.  Dell denies the remaining allegations and characterizations of paragraph 21.

22.     Dell denies the allegations and characterizations of paragraph 22.

23.     Dell denies the allegations and characterizations of paragraph 23.

24.     Dell denies the allegations and characterizations of paragraph 24.

25.     Dell denies the allegations and characterizations of paragraph 25.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,720,929

26.     Dell admits that a copy of U.S. Patent No. 7,720,929 ("the '929 patent") is attached to the Complaint as Exhibit B, that the '929 patent on its face bears the title "Communication System And Its Method and Communication Apparatus And Its Method," and that the '929 patent appears to have issued on May 18, 2010.  Dell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 and therefore denies the same.

27.     Dell denies the allegations and characterizations of paragraph 27.

28.     Dell denies the allegations and characterizations of paragraph 28.

29.     Dell denies the allegations and characterizations of paragraph 29.

30.     Dell admits that the cited Administration Guide contains the cited quotations.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 30.

31.     Dell admits that the cited Administration Guide contains the cited quotations.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 31.

32.     Dell admits that the cited Whitepaper contains the cited quotations.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 32.

ActiveUS 171983454v.8

33.    Dell admits that the cited Administration Guide contains the cited quotation.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 18.

34.    Dell admits that the cited Administration Guide and Whitepaper contain the cited quotations and images.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 34.

35.    Dell admits that the cited Administration Guide and Whitepaper contain the cited quotations and images.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 35.

36.    Dell admits that the cited Whitepaper contains the cited quotations and images referring to "Figure 3."  Dell denies that the cited quotations and images referring to "Figure 21" are found in the cited Whitepaper, and further denies the remaining allegations, characterizations, and legal conclusions of paragraph 36.

37.    Dell admits that it learned of the '929 patent shortly after this lawsuit was filed. Dell denies the remaining allegations of paragraph 37.

38.    Dell denies the allegations and characterizations of paragraph 38.

39.    Dell admits that it explains to customers the benefits of using the accused Data Domain and RecoverPoint products.  Dell denies the remaining allegations and characterizations of paragraph 39.

40.    Dell denies the allegations and characterizations of paragraph 40.

41.    Dell denies the allegations and characterizations of paragraph 41.

42.    Dell denies the allegations and characterizations of paragraph 42.

43.    Dell denies the allegations and characterizations of paragraph 43.

ActiveUS 171983454v.8

**COUNT III**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,617,537**

44.     Dell admits that a copy of U.S. Patent No. 7,617,537 ("the '537 patent") is attached to the Complaint as Exhibit C, that the '537 patent on its face bears the title "Communication System And Its Method and Communication Apparatus And Its Method," and that the '537 patent appears to have issued on November 10, 2009.  Dell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 and therefore denies the same.

45.     Dell denies the allegations and characterizations of paragraph 45.

46.     Dell denies the allegations and characterizations of paragraph 46.

47.     Dell denies the allegations and characterizations of paragraph 47.

48.     Dell admits that the cited Administration Guide contains the cited quotations.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 48.

49.     Dell admits that the cited Administration Guide contains the cited quotations.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 49.

50.     Dell admits that the cited Administration Guide contains the cited quotations and image.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 50.

51.     Dell admits that the cited Administration Guide and Whitepaper contain the cited quotations and images.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 51.

52.     Dell admits that the cited Administration Guide and Whitepaper contain the cited quotations and images.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 52.

ActiveUS 171983454v.8

53.     Dell admits that the cited URL contains the cited quotations.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 53.

54.     Dell admits that it learned of the '537 patent shortly after this lawsuit was filed. Dell denies the remaining allegations of paragraph 54.

55.     Dell denies the allegations and characterizations of paragraph 55.

56.     Dell admits that it explains to customers the benefits of using the accused Data Domain and RecoverPoint products.  Dell denies the remaining allegations and characterizations of paragraph 56.

57.     Dell denies the allegations and characterizations of paragraph 57.

58.     Dell denies the allegations and characterizations of paragraph 58.

59.     Dell denies the allegations and characterizations of paragraph 59.

60.     Dell denies the allegations and characterizations of paragraph 60.

## COUNT IV

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,715,893

61.     Dell admits that a copy of U.S. Patent No. 9,715,893 ("the '893 patent") is attached to the Complaint as Exhibit D, that the '893 patent on its face bears the title "Recording Apparatus, Server Apparatus, Recording Method, Program and Storage Medium," and that the '893 patent appears to have issued on July 25, 2017.  Dell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 61 and therefore denies the same.

62.     Dell denies the allegations and characterizations of paragraph 62.

63.     Dell denies the allegations and characterizations of paragraph 63.

64.     Dell denies the allegations and characterizations of paragraph 64.

65.     Dell admits that the cited Administration Guide contains the cited quotations.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 65.

ActiveUS 171983454v.8

66.     Dell admits that the cited Administration Guide and Whitepaper contain the cited quotations and images.   Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 66.

67.     Dell admits that the cited Administration Guide and Whitepaper contain the cited quotations and images.   Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 67.

68.     Dell admits that the cited Administration Guide contains the cited quotations.  Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 68.

69.     Dell admits that the cited Administration Guide and Whitepaper contain the cited quotations and images.   Dell denies the remaining allegations, characterizations, and legal conclusions of paragraph 69.

70.     Dell admits that it learned of the '893 patent shortly after this lawsuit was filed. Dell denies the remaining allegations of paragraph 70.

71.     Dell denies the allegations and characterizations of paragraph 71.

72.     Dell admits that it explains to customers the benefits of using the accused Data Domain and RecoverPoint products.  Dell denies the remaining allegations and characterizations of paragraph 72.

73.     Dell denies the allegations and characterizations of paragraph 73.

74.     Dell denies the allegations and characterizations of paragraph 74.

75.     Dell denies the allegations and characterizations of paragraph 75.

76.     Dell denies the allegations and characterizations of paragraph 76.

## PRAYER FOR RELIEF

Dell denies that Data Scape is entitled to the requested relief identified in items (a) – (f) of its Prayer for Relief or any other relief in connection with this civil action.

8

## DEMAND FOR JURY TRIAL

Dell admits that Data Scape has the right to demand a trial by jury of any issues so triable by right.

## DELL'S AFFIRMATIVE DEFENSES

Dell hereby asserts the following defenses without undertaking or shifting any applicable burdens of proof. Dell reserves the right to assert additional defenses, including unenforceability of the asserted patents as warranted by facts learned through investigation and discovery.

### First Defense – Failure to State a Claim

77.     Data Scape's Complaint includes only threadbare and conclusory allegations that fail to state a claim upon which relief can be granted.  Further, Data Scape has not even attempted to explain the basis for a plausible claim with respect to the alleged infringement of the '581 and '929 patents by Dell's RecoverPoint product.

### Second Defense – Non-Infringement

78.     Dell has not infringed and does not infringe, either directly, contributorily, or by active inducement, any valid and enforceable claim of the '581 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

79.     Dell has not infringed and does not infringe, either directly, contributorily, or by active inducement, any valid and enforceable claim of the '929 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

80.     Dell has not infringed and does not infringe, either directly, contributorily, or by active inducement, any valid and enforceable claim of the '537 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

9

81.     Dell has not infringed and does not infringe, either directly, contributorily, or by active inducement, any valid and enforceable claim of the '893 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

### Third Defense – Invalidity

82.     Any or all of the claims of the '581 patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code.

83.     Any or all of the claims of the '929 patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code.

84.     Any or all of the claims of the '537 patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code.

85.     Any or all of the claims of the '893 patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code.

### Fourth Defense – Prosecution History Estoppel

86.     By reason of the proceedings in the United States Patent and Trademark Office ("Patent Office") during the prosecution of the applications that resulted in the issuance of the '581 patent, the '929 patent, the '537 patent, and the '893 patent (collectively, "the Patents-in-Suit"), as

ActiveUS 171983454v.8

shown by the prosecution histories thereof, Data Scape is estopped from maintaining that any claim of the Patents-in-Suit covers any of Dell's articles, equipment, products, or any other activity engaged in by Dell.

**Fifth Defense – No Immediate or Irreparable Harm**

87.     Data Scape is not entitled to an injunction with respect to the Patents-in-Suit under any theory because Data Scape has not and will not suffer irreparable harm, Data Scape does not practice the patents, Data Scape is not without adequate remedy at law, and/or public policy concerns weigh against any equitable relief.

**Sixth Defense – Equitable Defenses**

88.     Data Scape's claims are barred in whole or in part by one or more applicable equitable doctrines, such as estoppel, waiver, acquiescence, unclean hands, or implied license.

**Seventh Defense – Limitations on Damages**

89.     Data Scape's claim for damages, if any, is barred, at least in part, pursuant to 35 U.S.C. § 286 and/or § 287.

**Eighth Defense – Government Sales**

90.     To the extent that any accused product or service has been used or manufactured by or for the United States Government, claims and demands by Data Scape for relief based on any of the Patents-in-Suit are barred by 28 U.S.C. § 1498.

**Ninth Defense – Inequitable Conduct**

91.     All of the claims of the '893 patent are unenforceable due to inequitable conduct.

92.     On information and belief, no later than March 2017, Data Scape acquired the pending application that would ultimately issue as '893 patent from the original owner Sony Corporation ("Sony"), along with other patents within the same family (the "Hirano patent family").  In the same transaction, Data Scape also acquired the '537 patent, the '929 patent, the

11

'581 patent, and other related patents and patent applications (the "Morohashi patent family"). The assignment of the Hirano patent family and the Morohashi patent family from Sony to Data Scape was recorded with the Patent Office on May 16, 2017.

93.     On information and belief, Data Scape and its attorneys knew that the Morohashi patent family as well as prior art cited in connection with the prosecution of the Morohashi patent family ("corresponding prior art") constituted material prior art to the then-pending '893 patent claims, yet deliberately withheld the references during the prosecution of the '893 patent, as well as subsequent prosecutions of other patents in the Hirano patent family.

94.     The Morohashi patent family and its corresponding prior art were never cited during the prosecution of any of the Hirano patent family patents or patent applications, including the '893 patent, which was pending at the time of the acquisition.  The Morohashi patent family, as well as its corresponding prior art, are prior art to the '893 patent (and the other patents in the Hirano patent family). The Morohashi patent family claims priority to a U.S. patent application filed September 20, 2000, and a Japanese patent application that published on April 6, 2001.  The '893 patent's earliest claimed priority date is through a Japanese patent application filed June 12, 2002.  Therefore, the individual patents within the Morohashi patent family are prior art to the '893 patent at least under § 102(b) and/or (e).

95.     The Morohashi patent family disclose or suggest all elements of at least claim 1 of the '893 patent, including but not limited to, comparing content data stored on two apparatuses and transferring content on one apparatus to the other.  *Compare* '537 patent, claim 1 ("comparing … a first list of content data of said first apparatus and a second list of content data of said second apparatus; transferring, from the second apparatus to the first apparatus first content data, which is registered in said second list and is not registered in said first list"), *with* '893 patent, claim 1

("automatically identifying … one of the files of source data being absent from the second storage medium; and automatically transferring the one of the files of source data to the second storage medium").   The corresponding prior art similarly discloses or suggests the same purported invention.  For example, the Patent Office found that U.S. Patent No. 6,577,735 ("Bharat")—cited during the prosecution of the Morohashi '537 patent—as discloses the limitation "transferring content data to [a] first apparatus from [a] second apparatus based on the result of comparing identifiers."  *See* '537 Patent File History, Office Action dated Oct. 7, 2008.  Yet Bharat was never disclosed to the Patent Office during the prosecution of the '893 patent.  Thus, the Morohashi patent family and its corresponding prior art were not cumulative of the other art already of record in the pending application of the '893 patent.   The Morohashi patent family and/or its corresponding prior art establishes, by itself or in combination with other prior art references, the unpatentability of the '893 patent for lack of novelty and/or obviousness.  Had the Morohashi patent family and/or its corresponding prior art been presented to the Patent Office, the '893 patent would not have issued.

96.    Data Scape and its representatives deliberately and with specific intent chose to withhold the material Morohashi patent family prior art and/or its corresponding prior art during the prosecution of the '893 patent.  On information and belief, Data Scape acquired the Hirano and Morohashi patent families from Sony with the intention of asserting and/or licensing the patents to technology companies selling products in the United States, as evidenced by the fact that Data Scape's present litigation counsel recorded the assignment documents with the Patent Office. As a result, at least as of the date of acquisition in March 2017, Data Scape's principals and its legal counsel had knowledge of the disclosures and claims for both the Hirano and Morohashi patent families and the corresponding prior art.

97.     While the '893 patent remained pending, Data Scape and its attorneys had a duty to disclose material information.  The '893 patent did not formally issue until July 25, 2017.  Even though Data Scape had purchased the Morohashi and Hirano patent families together from Sony in March 2017, Data Scape and its attorneys never disclosed the material Morohashi patent family prior art to Patent Office during the remaining prosecution of the '893 patent.

98.     On information and belief, Data Scape's principals and its attorneys (including both its litigation and prosecution counsel), knew of the Morohashi patent family and their respective file histories since at least the diligence in connection with the acquisition of the portfolio from Sony.  They likewise were involved with the prosecution of at least the '893 patent while it was pending.  For example, Data Scape's attorney Terry Kramer of the law firm KramerAmado took over prosecution of the '893 patent following Data Scape's acquisition.  Mr. Kramer submitted the issue fee for the '893 patent on June 20, 2017.  Shortly thereafter, Mr. Kramer and his colleagues filed a new application in the Morohashi patent family on July 17, 2017, further confirming his and Data Scape's knowledge of the material prior art, before the '893 patent was granted.  Yet Data Scape and its attorneys never disclosed either the Morohashi patent family or the corresponding prior art.

## Reservation of All Affirmative Defenses

99.     Dell hereby gives notice that it intends to reply upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

## DELL'S COUNTERCLAIMS

Counterclaim-Plaintiffs Dell Technologies Inc. ("Dell Technologies"), Dell Inc., and EMC Corporation ("EMC") (collectively, "Dell" or "Counterclaim-Plaintiffs") hereby assert the following counterclaims against Data Scape Limited ("Data Scape").  Dell reserves the right to assert additional counterclaims as warranted by facts learned through investigation and discovery.

## PARTIES

1.      Counterclaim-Plaintiff Dell Technologies is a corporation organized under the laws of the State of Delaware, with its principal place of business in Round Rock, Texas.

2.      Counterclaim-Plaintiff Dell Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Round Rock, Texas.

3.      Counterclaim-Plaintiff EMC is a corporation organized under the laws of the State of Massachusetts, with places of business in Round Rock, Texas, and Hopkinton, Massachusetts.

4.      On information and belief, Data Scape is a company organized under the laws of Ireland.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202 and the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*.  Personal jurisdiction is proper for these counterclaims because Data Scape elected this forum for suit; by filing the complaint in this action, Data Scape has subjected itself to the jurisdiction of this Court for purposes of these counterclaims against it.  Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), specifically in the Austin Division.

ActiveUS 171983454v.8

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF '581 PATENT

6.     Dell hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 99 of Dell's Answer and Defenses herein and paragraphs 1 through 5 of Dell's Counterclaims.

7.     Data Scape contends that Dell has infringed and continues to infringe the '581 patent.

8.     Dell denies Data Scape's contentions and states that Dell has not infringed and does not infringe, either directly, contributorily, or by active inducement, any valid and enforceable claim of any of the '581 patent, either literally or under the doctrine of equivalents.

9.     Based on the foregoing, Data Scape's filing of this suit, and Dell's Answer, an actual justiciable case or controversy has arisen and now exists between Counterclaim-Plaintiffs and Data Scape as to whether Dell has infringed Data Scape's alleged rights under the '581 patent.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., Dell requests a declaration from the Court that Dell has not directly or indirectly infringed any valid claim of the '581 patent either literally or under the doctrine of equivalents.

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF '929 PATENT

11.     Dell hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 99 of Dell's Answer and Defenses herein and paragraphs 1 through 10 of Dell's Counterclaims.

12.     Data Scape contends that Dell has infringed and continues to infringe the '929 patent.

13.     Dell denies Data Scape's contentions and states that Dell has not infringed and does

not infringe, either directly, contributorily, or by active inducement, any valid and enforceable claim of any of the '929 patent, either literally or under the doctrine of equivalents.

14.     Based on the foregoing, Data Scape's filing of this suit, and Dell's Answer, an actual justiciable case or controversy has arisen and now exists between Counterclaim-Plaintiffs and Data Scape as to whether Dell has infringed Data Scape's alleged rights under the '929 patent.

15.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., Dell requests a declaration from the Court that Dell has not directly or indirectly infringed any valid claim of the '929 patent either literally or under the doctrine of equivalents.

<u>**COUNT III**</u>

<u>**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF '537 PATENT**</u>

16.     Dell hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 99 of Dell's Answer and Defenses herein and paragraphs 1 through 15 of Dell's Counterclaims.

17.     Data Scape contends that Dell has infringed and continues to infringe the '537 patent.

18.     Dell denies Data Scape's contentions and states that Dell has not infringed and does not infringe, either directly, contributorily, or by active inducement, any valid and enforceable claim of any of the '537 patent, either literally or under the doctrine of equivalents.

19.     Based on the foregoing, Data Scape's filing of this suit, and Dell's Answer, an actual justiciable case or controversy has arisen and now exists between Counterclaim-Plaintiffs and Data Scape as to whether Dell has infringed Data Scape's alleged rights under the '537 patent.

20.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., Dell requests a declaration from the Court that Dell has not directly or indirectly infringed any valid claim of the '537 patent either literally or under the doctrine of equivalents.

ActiveUS 171983454v.8

## COUNT IV

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF '893 PATENT

21.     Dell hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 99 of Dell's Answer and Defenses herein and paragraphs 1 through 20 of Dell's Counterclaims.

22.     Data Scape contends that Dell has infringed and continues to infringe the '893 patent.

23.     Dell denies Data Scape's contentions and states that Dell has not infringed and does not infringe, either directly, contributorily, or by active inducement, any valid and enforceable claim of any of the '893 patent, either literally or under the doctrine of equivalents.

24.     Based on the foregoing, Data Scape's filing of this suit, and Dell's Answer, an actual justiciable case or controversy has arisen and now exists between Counterclaim-Plaintiffs and Data Scape as to whether Dell has infringed Data Scape's alleged rights under the '893 patent.

25.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Dell requests a declaration from the Court that Dell has not directly or indirectly infringed any valid claim of the '893 patent either literally or under the doctrine of equivalents.

## COUNT V

## DECLARATORY JUDGMENT OF INVALIDITY OF '581 PATENT

26.     Dell hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 99 of Dell's Answer and Defenses herein and paragraphs 1 through 25 of Dell's Counterclaims.

27.     Data Scape contends that the '581 patent is valid.

28.     Dell denies Data Scape's contentions and states that the '581 patent and each of its claims are invalid for failing to meet one or more of the conditions for patentability set forth in

ActiveUS 171983454v.8

Title 35 of the United States Code, including without limitation 35 U.S. C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code.

29.     Based on the foregoing, Data Scape's filing of this suit, and Dell's Answer, an actual justiciable case or controversy has arisen and now exists between Counterclaim-Plaintiffs and Data Scape as to whether or not the claims of the '581 patent are invalid.

30.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., Dell requests a declaration from the Court that the '581 patent, and each of its claims, are invalid.

<u>COUNT VI</u>

<u>DECLARATORY JUDGMENT OF INVALIDITY OF '929 PATENT</u>

31.     Dell hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 99 of Dell's Answer and Defenses herein and paragraphs 1 through 30 of Dell's Counterclaims.

32.     Data Scape contends that the '929 patent is valid.

33.     Dell denies Data Scape's contentions and states that the '929 patent and each of its claims are invalid for failing to meet one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S. C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code.

34.     Based on the foregoing, Data Scape's filing of this suit, and Dell's Answer, an actual justiciable case or controversy has arisen and now exists between Counterclaim-Plaintiffs and Data Scape as to whether or not the claims of the '929 patent are invalid.

35.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., Dell requests a declaration from the Court that the '929 patent, and each of its claims, are invalid.

ActiveUS 171983454v.8

## COUNT VII

## DECLARATORY JUDGMENT OF INVALIDITY OF '537 PATENT

36.     Dell hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 99 of Dell's Answer and Defenses herein and paragraphs 1 through 35 of Dell's Counterclaims.

37.     Data Scape contends that the '537 patent is valid.

38.     Dell denies Data Scape's contentions and states that the '537 patent and each of its claims are invalid for failing to meet one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S. C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code.

39.     Based on the foregoing, Data Scape's filing of this suit, and Dell's Answer, an actual justiciable case or controversy has arisen and now exists between Counterclaim-Plaintiffs and Data Scape as to whether or not the claims of the '537 patent are invalid.

40.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., Dell requests a declaration from the Court that the '537 patent, and each of its claims, are invalid.

## COUNT VIII

## DECLARATORY JUDGMENT OF INVALIDITY OF '893 PATENT

41.     Dell hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 99 of Dell's Answer and Defenses herein and paragraphs 1 through 40 of Dell's Counterclaims.

42.     Data Scape contends that the '893 patent is valid.

43.     Dell denies Data Scape's contentions and states that the '893 patent and each of its claims are invalid for failing to meet one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S. C. §§ 101, 102, 103, 112,

and/or any other applicable statutory provisions of Title 35 of the United States Code.

44.     Based on the foregoing, Data Scape's filing of this suit, and Dell's Answer, an actual justiciable case or controversy has arisen and now exists between Counterclaim-Plaintiffs and Data Scape as to whether or not the claims of the '893 patent are invalid.

45.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Dell requests a declaration from the Court that the '893 patent, and each of its claims, are invalid.

## COUNT IX

## DECLARATORY JUDGMENT OF INEQUITABLE CONDUCT OF THE '893 PATENT

46.     Dell hereby repeats, realleges and incorporates by reference the allegations and averments in paragraphs 1 through 99 of Dell's Answer and Defenses herein and paragraphs 1 through 45 of Dell's Counterclaims.

47.     By virtue of its infringement allegations, Data Scape implies that the '893 patent is enforceable.

48.     For the reasons stated in Dell's Ninth Defense (paragraphs 91-98), Dell denies the enforceability of the '893 patent and states that all of the claims of the '893 patent are unenforceable due to inequitable conduct.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs Dell Technologies, Dell Inc., and EMC respectfully request that this Court enter judgment in their favor and against Data Scape, and grant the following relief:

A.  that Data Scape be denied all relief it has requested as set forth in its Complaint and that the Complaint be dismissed with prejudice;

ActiveUS 171983454v.8

B.   that the Court find this case to be an exceptional case and that Dell be awarded its

costs and recoverable attorneys' fees incurred in having to defend this action pursuant

to 35 U.S.C. §285 and as otherwise allowed;

C.   that the Court determine and declare that Dell has not infringed and does not infringe,

either directly, contributorily, or by active inducement, any valid claim of any of the

Patents-in-Suit, either literally or under the doctrine of equivalents;

D.   that the Court determine and declare that the claims of the Patents-in-Suit are invalid

and/or unenforceable;

E.   that the Court determine and declare that the claims of the '893 patent are

unenforceable due to inequitable conduct; and

F.   that the Court grant Dell all other and further relief as the Court may deem

appropriate and just under the circumstances.


## **JURY DEMAND**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Dell respectfully

demands a jury trial of all issues triable to a jury in this action.

ActiveUS 171983454v.8

Respectfully submitted,

Dated: April 22, 2019

/s/ *Deron R. Dacus*

Deron R. Dacus
Texas Bar No. 00790553
THE DACUS FIRM, P.CD.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
(903) 705-1117 (t)
(903) 581-2543 (f)
ddacus@dacusfirm.com

Cynthia D. Vreeland
Texas Bar No. 20625150
Shirley X. Cantin
Massachusetts Bar No. 675377
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000 (t)
(617) 526-5000 (f)
Cynthia.Vreeland@wilmerhale.com
Shirley.Cantin@wilmerhale.com

E. Ross Cohen
D.C. Bar No. 1542122
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000 (t)
(202) 663-6363 (f)
Ross.Cohen@wilmerhale.com

*Attorneys for Dell Technologies Inc., Dell*
*Inc., and EMC Corporation*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 22, 2019, I electronically filed the foregoing documents via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ *Deron R. Dacus*</u>
Deron R. Dacus

ActiveUS 171983454v.8